DOUGHERTY, et al, Respondents, v. ELFENBRAU DISTRIBUTING CAMPANY, et al, Appellants.

(270 N. W. 644.)

(File No. 7944.   Opinion filed December 31, 1936.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Bailey, Voorhees, Woods & Bottum,* and *Doyle & Mahoney,* all of Sioux Falls, for Respondents.

WARREN, J.   The plaintiffs are licensed in this state to practice law. They are copartners and practice under the firm name of Dougherty & Flood. The Elfenbrau Distributing Company, the defendant, is a corporation organized and existing under

the laws of the state of South Dakota. Its principal place of business is in Sioux Falls, S. D. The LaCrosse Breweries, Inc., was also named as a defendant in the complaint of the plaintiffs, but the summons and complaint were never served upon said company, and it has never appeared in this action.

The plaintiffs instituted an action to recover for professional and legal services rendered to the Elfenbrau Distributing Company from June 1934, to June 18, 1935. The plaintiffs claim that all of said services were performed at the request of Peter V. Hansen, the general manager of the Elfenbrau Distributing Company. The defendant Elfenbrau Distributing Company seeks to avoid liability on account of the nonfunctioning of the corporation at the time the plaintiffs claim the services were contracted for and rendered, and has stated its defense quite concisely in its answer as follows:

"* * * Alleges that btween the 26th day of March, 1935, and the 26th day of June, 1935, the Elfenbrau Distributing Company, a Corporation, was not functioning; that during said time it had no outstanding stock; that at said time it had no Officers; that at said time it had no Directors and that during said time Peter V. Hansen, W. C. Clark and Trine Hansen, were operating the said business of the Elfenbrau Distributing Company and using the name of the Elfenbrau Distributing Company and were operating said business during said time as a co-partnership, all of which the Plaintiffs had knowledge and that the said business was so conducted by and with the Plaintiffs' consent and advice, and that if the Plaintiffs performed any services for the Elfenbrau Distributing Company, between the 26th day of March, 1935, and the 26th day of June, 1935, it was not for the Elfenbrau Distributing Company, as a Corporation but was for Peter V. Hansen, W. C. Clark and Trine Hansen, a Co-partnership, doing business as the Elfenbrau Distributing Company. * * *"

The issues were joined and the cause tried to a jury, but, after the plaintiffs had submitted a portion of their evidence the court dismissed the jury upon the agreement of opposing counsel that there was no material dispute as to the facts and the only questions to be decided were questions of law. At the close of all the evidence, the court made findings of fact, conclusions of law, and a judgment in favor of the plaintiffs and against the defendant Elf-

enbrau Distributing Company. Thereafter defendant made a motion for a new trial, which motion was denied.

Defendant has appealed from the judgment and the order overruling the motion for new trial. The appellant challenges the sufficiency of the evidence to sustain the court's findings, and has assigned as error the ruling on the admissability and exclusion of certain evidence.

The evidence discloses that the appellant corporation was organized during the year 1933, and that up until 1935 it was in the business of distributing beer at wholesale, and that in 1935, it added to its beer business a wholesale liquor business. It would also appear that the respondents were retained in June, 1934, and performed various legal services for appellants, some of the fees for which were paid, and others carried as accounts on the books of respondents. The period from March 26, 1935, to June 26, 1935, seems to be the crucial period. The appellant contends that at that time the business of the Elfenbrau Distributing Company was operated as a partnership composed of Peter V. Hansen and two others, and that the corporation did not receive the benefits of respondents' services. After a careful examination of the evidence as to what took place during that time, and without enumerating or attempting to set up a statement of facts, we feel that the findings of the trial court are sustained and cannot be disturbed. The court found that during the said period, at the request of the Elfenbrau Distributing Company, the respondents rendered legal services to the appellant, and that said services were rendered at the request of appellant, and that the value of the services, as shown by the respondents' evidence, was reasonable. We are mindful of the fact that the appellant contends that the evidence shows that Hansen and two others operated as a copartnership. With this contention, we cannot agree. We do not believe that the Elfenbrau Distributing Company was ever dormant or that it did not function during the period of time that the respondents were rendering their legal services. It may be admitted that the corporation records do not disclose all the facts that would be desirable, but that there was a meeting of the corporation and that directors and officers were elected, at about the time that Hansen and others secured the stock, or certain transfers

of stock were made, seems very plain. While the evidence as to these stock transactions is not as plain as one might wish, yet we believe that it is sufficient to sustain the findings of the trial court who had the opportunity to hear the evidence and see and hear the witnesses testify.

Appellant has assigned as error the ruling of the trial court, refusing to receive Exhibit K in evidence, contending that Exhibit K, if submitted as evidence, would tend to show that Peter V. Hansen and others, operated as a copartnership from the 26th day of March, 1935, until the 26th day of June, 1935. Upon examining Exhibit K, we do not believe it to be susceptible to such a construction. We feel that the most that can be said for Exhibit K is that it was intended as security to the LaCrosse Breweries, Inc., from Peter V. Hansen, W. C. Clark, and Trine Hansen, and to release Henry Kuhle and others from a then existing guaranty to the LaCrosse Breweries, Inc. We are unable to see how the ruling and exclusion by the trial court on Exhibit K could be error, as there is nothing therein contained which could possibly throw any light upon the appellant's contentions that the corporation was not functioning, was dormant, and that Hansen and others were operating the business as a copartnership.

We have carefully examined all of the assignments of error and find nothing therein constituting prejudicial error.

The order and judgment appealed from are affirmed.

All the Judges concur.